# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO:

PHELIPE CASTRO, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),
    v.

BENEFYTT TECHNOLOGIES, INC.,
a Delaware corporation,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, PHELIPE CASTRO ("Plaintiff") on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, BENEFYTT TECHNOLOGIES, INC., ("BTI" or "Defendant"), and alleges the following:

## INTRODUCTION

1. During periods within the past 3 years, Defendant failed to pay Plaintiff and all other similarly situated Medicare Sales Agents in the State of Florida full and proper federal overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Defendant failed to include non-discretionary commissions when calculating the federal overtime premiums owed to Plaintiff and other similarly situated Medicare Sales Agents which resulted in incorrect payments of federal overtime wages pursuant

to 29 U.S.C. §§ 201–216 during weeks in which the Medicare Sales Agents worked more than 40 hours an earned these non-discretionary commissions. Plaintiff seeks to recover all federal overtime wages owed to himself and similarly situated members of the collective.

## **PARTIES**

2. During all times material hereto, Plaintiff was a resident of Indian River County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, BTI, was a Delaware corporation, registered to do business in the State of Florida, and located and transacting business within Hillsborough County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, BTI, is headquartered at 3450 Buschwood Park Drive Suite 200 Tampa, Florida 33618.

5. Defendant, BTI, can be served through its registered agent Registered Agent Solutions, Inc., at the following address: 155 Office Plaza Drive Suite A Tallahassee, Florida 32301.

6. During all times material hereto, Defendant, BTI, was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff and members of the Collective.

7. During all times material hereto Defendant, BTI, also managed and controlled Plaintiff and members of the Collective and administered Defendants' pay practices.

8. Defendant, BTI, was Plaintiff's joint employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

9. All acts and/or omissions giving rise to this dispute took place within Hillsborough County, Florida, which falls within the jurisdiction of this Honorable Court.

10. Defendant, BTI, regularly transacts business in Hillsborough County, Florida, at 3450 Buschwood Park Drive Suite 200, Tampa, Florida 33618, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

11. Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

12. Defendant, BTI, is a health insurance technology company that primarily engages in the development and operation of private e-commerce health insurance marketplaces, consumer engagement platforms, agency technology systems, and insurance policy administration platforms.

13. Defendant employs Medicare Sales Agents to provide customers with several insurance plan options, and then enroll them in a suitable option that meets the customer's needs. Defendant requires their Medicare Sales Agents to take and/or make inbound calls and use a consultative sales approach to quote and enroll individuals based on their unique healthcare needs.

14. Defendant operates its headquarters at 3450 Buschwood Park Dr. Suite 200 Tampa, Florida 33618.

15. In addition to its headquarters in Tampa, Florida, Defendant operates other corporate locations throughout the state where they employ Medicare Sales Agents to work at their facilities in-person. These locations include, but are not limited to, Lake Mary, Sunrise, and Port St. Lucie.

16. The duties performed by Medicare Sales Agents at these locations are substantially similar and Medicare Sales Agents are subject to the same payroll policies regardless of their location.

17. Defendant hired Plaintiff to work as a Medicare Sales Agent to support its Florida operations on approximately June 28, 2021.

18. During Plaintiff's employment the Defendant maintained direct control and supervision of the work performed by Plaintiff and the Collective.

19. The primary duty of Plaintiff and the Collective during their employment period was to take and/or make inbound calls to sell a variety of Medicare plans to Defendant's customers.

20. Defendant required Plaintiff and the Collective to utilize and not deviate from certain scripts during sales calls.

21. In light of the requirement that Plaintiff and the Collective utilize a script, Plaintiff and the Collective were not required to possess a specialized skill in order to perform their primary duties.

22. Defendant retained control and supervision of Plaintiff and the Collective's work schedules.

23. The insurance sales work performed by Plaintiff and the Collective was essential and critical to the success of Defendant's operation.

24. Work performed by Plaintiff and the Collective was continuous and not sporadic.

25. The economic realities of the work relationship between Plaintiff and the Collective and Defendant demonstrate that Plaintiff and the collective were employees of the Defendant.

26. During his employment period, Plaintiff regularly worked for Defendant in excess of forty (40) hours in one or more workweeks.

27. Defendant paid Plaintiff a regular hourly rate of $20.00 per hour.

28. Defendant additionally paid Plaintiff and the Collective a non-discretionary commission bonus for sales made.

29. During the past 3 years, Defendant failed to include the non-discretionary commission bonuses to calculate the proper overtime premiums, and therefore did not pay Plaintiff, or any other similarly situated Medicare Sales Agent, all appropriate federal overtime wages owed when Medicare Sales Agents worked more than forty (40) hours per week.

30. Plaintiff's last day working for Defendant was on or about August 5, 2022.

## THE NON-DISCRETIONARY COMMISSION COLLECTIVE IS COMPRISED OF SIMILALRY SITUATED MEDICARE SALES AGENTS

31. During the previous three (3) years, Defendant enacted and enforced a company-wide incentive program which provided non-discretionary commissions to Plaintiff and other similarly situated Medicare Sales Agents throughout the State of Florida in an effort to encourage and increase work productivity.

32. Defendant implemented this non-discretionary commission incentive to Plaintiff and similarly situated Medicare Sales Agents to increase sales and induce them to work more steadily and more rapidly.

33. The non-discretionary commissions paid to Plaintiff and similarly situated Medicare Sales Agents was based upon the number of sales generated by these employees.

34. The non-discretionary commissions paid to Plaintiff and similarly situated Medicare Sales Agents under this incentive program were required to be included in the calculation of Medicare Sales Agents' regular hourly rates to determine the applicable federal overtime wage premium in weeks when Medicare Sales Agents worked more than 40 hours. *See* 29 C.F.R. § 778.211.

35. During the previous three (3) years, Defendant enacted and enforced a company-wide policy that applied to every corporate location in the State of Florida. Under this policy Defendant failed to include the non-discretionary commission bonus payments made to Plaintiff and other similarly situated Medicare Sales Agents when

calculating the federal overtime wages payable to these individuals when they work in excess of 40 hours in a workweek.

36. Defendant implemented and enforced this company-wide policy against Plaintiff and similarly situated Medicare Sales Agents irrespective of their physical location in the State of Florida and regardless of who their supervisor was.

37. Defendant required Plaintiff and similarly situated Medicare Sales Agents to work more than 40 hours in a workweek without compensating them the proper federal overtime wages.

38. During the previous three (3) years, Defendant failed to pay all federal overtime wages owed to Medicare Sales Agents when they worked more than 40 hours in a workweek and earned a non-discretionary commission bonus.

39. Defendant required the Medicare Sales Agents to all provide weekly reports which were maintained and reviewed at its headquarters in Tampa, Florida.

40. Accordingly, Plaintiff seeks to represent the following collective of similarly situated employees:

> **All Medicare Sales Agents employed by Defendant in the State of Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary commissions were not included to compute the proper overtime wage premium.**

41. Collective members are treated equally and similarly in that they were denied proper federal overtime wages as a result of Defendant's unlawful policy which fails to compensate non-exempt Medicare Sales Agent employees statutory federal

overtime wages when they work more than forty (40) hours per week and receive non-discretionary commissions.

42. Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every Medicare Sales Agent who worked in excess of forty (40) hours per week.

43. Defendant has employed hundreds of Medicare Sales Agents throughout the State of Florida who were not paid full and proper federal overtime wages in accordance with the FLSA and pertinent federal regulations.

44. Plaintiff and members of the collective were subjected to the same employment policies during the previous three (3) years.

## FLSA COVERAGE

45. Defendant, BTI, is covered under the FLSA through enterprise coverage, as Defendant, TPL, was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant, BTI, engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, BTI's business and Plaintiff's work for it affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

46. During his employment with Defendant, BTI, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following:

cell phones, telephones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, head sets, extension cords, masks, boxes, envelopes, hand sanitizer, etc.

47. Defendant, BTI, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant, BTI's business an enterprise covered by the FLSA.

48. Defendant, BTI, grossed or did business in excess of $500,000.00 in the years 2020, 2021, 2022, and is expected to gross in excess of $500,000.00 in the year 2023.

49. During his employment with Defendant, BTI, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff used the interstate telephone system to regularly and recurrently speak with Defendant, BTI's customers who, at times, resided outside of the state of Florida over the phone. Plaintiff also regularly and recurrently sent and received correspondences to and from Defendant, BTI's customers and potential customers outside of Florida during his employment period.

50. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required

to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

51. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

### **COUNT I - FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**
### **(Non-Discretionary Commission Collective)**

52. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

53. Plaintiff alleges this Collective Action Complaint against Defendant, BTI, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

54. Defendant failed to include non-discretionary commissions paid to Medicare Sales Agents (including Plaintiff) when Defendant was required to pay federal overtime wage premiums during the previous three (3) years.

55. Defendant improperly calculated federal overtime wage premiums during all times material hereto.

56. Defendant refused to pay Plaintiff and all other similarly situated Medicare Sales Agents one-and-one-half times the proper regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

57. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective for Defendant's failure to pay appropriate overtime wages:

> **All Medicare Sales Agents employed by Defendant in the State of Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary commissions were not included to compute the proper overtime wage premium.**

58. Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that he worked during his employment period.

59. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements and the pertinent regulations thereto. Defendant indicated their knowledge and awareness of federal wage and hour requirements by acknowledging that Plaintiff and members of the Collective were "non-exempt employees" but nevertheless refused to fully comply with the requirements of the FLSA.

60. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

61. Moreover, because of Defendant's willful and/or intentional violations of the FLSA, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

WHEREFORE, Plaintiff, PHELIPE CASTRO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, BENEFYTT TECHNOLOGIES, INC., jointly and severally, and award Plaintiff and members of the Collective: (a) unliquidated damages; (b) liquidated damages; (c) reasonable

attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, PHELIPE CASTRO, demands a trial by jury on all appropriate claims on behalf of himself and all others similarly situated.

Dated: April 3, 2023

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**<br>1800 SE 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Ph: (954) 871-0050<br>*Co-Counsel for Plaintiff* | **EGGNATZ PASCUCCI, P.A.**<br>7450 Griffin Road, Suite 230<br>Davie, Florida 33314<br>Tel: (954) 889-3359<br>*Co-counsel for Plaintiff* |
| By: */s/ Jordan Richards*<br>JORDAN RICHARDS, ESQUIRE<br>Florida Bar No. 108372<br>*Jodan@jordanrichardspllc.com*<br>*Jake@jordanrichardspllc.com*<br>*Mike@usaemploymentlawyers.com* | By: */s/ Joshua H. Eggnatz*<br>JOSHUA H. EGGNATZ, ESQUIRE<br>Florida Bar No. 006726<br>*Jeggnatz@justiceearned.com* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 3, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: